UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 1:07cr96 |
| KEVIN J. BLEVINS, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a Motion to Lift Detainer filed by the defendant, Kevin J. Blevins ("Blevins"), on August 27, 2009. The government filed a response to the motion on September 10, 2009, to which Blevins replied on September 16, 2009.

Also before the court is a Motion to Dismiss Interest on Restitution filed by Blevins on August 31, 2009. The government responded to the motion on September 8, 2009, to which Blevins replied on September 23, 2009.

For the following reasons, both motions will be denied.

Discussion

In his motion to lift detainer, Blevins states that he was sentenced on November 14, 2008 to six months in the United States Bureau of Prisons, as a result of a probation violation. This sentence was to run consecutively to Blevin's state court sentence. Blevins is currently incarcerated in the state correctional system and claims that as a result of the federal sentence for parole violation, a detainer/hold has been placed on him. As a result of the detainer, Blevins is confined in a medium security institution, rather than minimum security, and is unable to participate in rehabilitative programs or in the Community Transition Program. Thus, Blevins

has asked the court to issue an order dismissing any and all detainer/holds associated with this cause of action.

The government has properly construed Blevins' motion as a request to modify his sentence under 18 U.S.C. § 3582(c). The government has also correctly noted that there is no basis upon which this court may provide the relief Blevins requests. A federal detainer/hold is placed on a defendant by the United States Marshal Service, to ensure that after a defendant has served out his state sentence, he will transfer immediately into federal custody to begin serving his federal sentence. The detainer would possibly be lifted if Blevins' federal sentence were to run concurrently with his state sentence, rather than consecutively. However, this would require a modification of Blevins' federal sentence. Generally, a district court may not modify a sentence once it has been imposed except where the requirements have been met under 18 U.S.C. § 3582(c) or Rule 35(a) of the Federal Rules of Criminal Procedure. United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); United States v. Porretta, 116 F.3d 292, 300 (7th Cir. 1997).

In his reply, Blevins attempts to fit his case within the parameters of Rule 35, by stating generally that his sentence contained arithmetical errors and is a "plainly illegal sentence". However, Blevins does not support these bald assertions with any facts or authority.

Clearly, there is no evidence before the court indicating that Blevins' was improperly sentenced or that his sentence contains any arithmetical or other errors that would render his sentence incorrect or illegal. Accordingly, the motion to lift detainer will be denied.

Upon Blevins' conviction in this court he was ordered to pay $2,551.94 restitution to the victim. As of September 8, 2009, he owed $66.51 in interest on the restitution amount. In his

motion to dismiss interest on restitution, Blevins states that he is currently incarcerated at the New Castle Correctional Facility until September 5, 2010 and is unable to pay any restitution until after his incarceration. Blevins again notes that he has a six-month consecutive sentence to serve in the United States Bureau of Prisons.

Pursuant to 18 U.S.C. § 3612(f), a defendant must pay interest on all restitution over $2500, unless specifically waived by the court. The court has the discretion to waive interest if it determines that the defendant does not have the ability to pay interest.

The government objects to Blevins' request to waive interest, noting that his obligation to pay his restitution and interest continues while he is incarcerated. See 18 U.S.C. 3664(n). The government further contends that interest serves to fully compensate victims for their loss.

Blevins argues that because of the federal detainer, he is not permitted to be housed in a minimum security facility or a work release center, and thus he has no source of income and is unable to make any payments towards restitution. However, it is undisputed that Blevins' release date from the state institution is October 5, 2010. For purposes of this motion the court will accept as true Blevins' assertion that he has no source of income during his present incarceration. Thus, interest on the restitution amount will continue to accrue throughout his incarceration. However, the overall restitution amount is relatively small, and the incarceration time is relatively short. Therefore, the court is confident that once Blevins is released from his state incarceration and able to participate in federal inmate programs, he will be able to begin paying back the debt he incurred as a result of his criminal activity. At the least, Blevins will be able to obtain work after his release from federal prison after serving his short six-month sentence. As there is no evidence that Blevins does not have the ability to pay interest on his

restitution amount, his motion to dismiss interest will be denied.

Conclusion

On the basis of the foregoing, Blevins' motion to lift retainer [DE 83] is hereby DENIED.

Further, Blevins' motion to dismiss interest on restitution [DE 85]is also hereby DENIED.

Entered: October 5, 2009.

        s/ William C. Lee
        William C. Lee, Judge
        United States District Court