UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Cause No.: 1:07-CR-96 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN J. BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 22, 2010, District Court Judge William C. Lee entered an Order (DE# 110) pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1, referring this case to the undersigned Magistrate Judge to prepare a Report and Recommendation on the Request of the Defendant, Kevin J. Blevins, for Complete Records (DE # 108) in support of his appeal to the Seventh Circuit Court of Appeals. The Court established a briefing schedule in its Order of April 23, 2010 (DE# 112); the Government has filed a Response (DE# 117); and Blevins, who appears *pro se*, has filed a Reply (DE# 119).

For the reasons provided, it is recommended that Blevins's Request be denied.

## BACKGROUND

For purposes of the current motion, the extensive record Blevins has developed in this case can be shortened to a few simple mileposts. On November 28, 2007, Blevins was charged in a single count Indictment with Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2). On March 14, 2008, pursuant to an Amended Plea Agreement, Blevins pled guilty. On June 2, 2008, he was sentenced to five years probation and two months home detention, and ordered to

pay restitution in the amount of $2,551.94 and a $100 special assessment.

On November 14, 2008, Blevins came before the Court for a probation violation and his probation was revoked. On November 21, 2008, Blevins filed a *pro se* Notice of Appeal, which was docketed by the Seventh Circuit Court of Appeals under Appeal No. 08-4002. Later, through his counsel, Blevins moved to dismiss the appeal, and the Seventh Circuit granted that motion on December 5, 2008.

Many months later, on October 30, 2009, and after Blevins's request to have his sentence reduced was denied by this Court on January 6, 2009, he filed a *pro se* Notice of Appeal concerning the Court's October 5, 2009, denial of his *pro se* motion to lift a detainer and his *pro se* motion seeking to "dismiss interest on restitution." Blevins also submitted a *pro se* petition to the Seventh Circuit under 28 U.S.C. § 2255.

Blevins's Supplemental Docketing Statement (DE# 16) submitted in his new appeal, docketed as Appeal 09-3677, indicates that he is contending that his November 19, 2008, revocation judgment is "illegal" and that his defense counsel "misled him into dismissing his 08-4002 appeal." Blevins's appeal is currently undergoing jurisdictional review by the Seventh Circuit.

## ANALYSIS

For the most part, and except for the transcripts of his plea and sentencing, Blevins wants documents the Seventh Circuit Court of Appeals has already decided are generally unnecessary to an appeal. For example, Blevins wants, but Circuit Rule 10(a) excludes, the following: briefs and memoranda, subpoenas, summons, admissions of service, affidavits, depositions and jury lists.

Moreover, Blevins does not say why or how these documents are relevant to his appeal,

and as the Government has observed, some of the items do not even exist.[1] Although in his Reply Blevins points to some of his other civil cases and says that the records here are pertinent to those cases as well, the focus here must be on whether the requested documents are relevant and needed at the Seventh Circuit Court of Appeals for resolution of this case. Blevins does not come close to making a convincing argument on that issue, and the Seventh Circuit has apparently not deemed them pertinent either.

In fairness, however, Blevins apparently is bringing this request as a motion to correct the record, which the Seventh Circuit points out, must first go to the district court. Circuit Rule 10(b). And the Federal Rules of Appellate Procedure do allow for the record on appeal to be supplemented under certain situations:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded by the district court before or after the record has been forwarded.

Fed. R. App. P. 10(e)(2).

Blevins has failed to demonstrate that it was error or accident that led to the omission of these documents from the record before this Court. Further, Blevins has failed to demonstrate that the documents he seeks would be relevant or material to the issues that the Seventh Circuit Court of Appeals will consider, or for that matter, that the District Court ever considered them. *See, e.g.*, *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987).

Turning to the transcript request, the United States pays for transcripts furnished in proceedings brought under 28 U.S.C.A. § 2255 to persons permitted to sue or appeal *in forma pauperis* if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and

---

[1] No depositions were taken in the case, and since no jury trial was held, there is no jury list.

that the transcript is needed to decide the issue presented by the suit or appeal. 28 U.S.C. § 753(f). The problem for Blevins, however, is that there is no suggestion in his appeal that either his guilty plea or initial sentencing were infirm. In fact, his complaints all involve events that post-date his plea and sentencing. Accordingly, a transcript of those proceedings, what Blevins seeks in his Request, is unnecessary and thus falls outside the scope of 28 U.S.C. § 753(f). To the extent that Blevins believes that a transcript already exists, he is mistaken. *Cf. Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). Therefore, it is recommended that Blevins's Request to supplement the appellate record be denied.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge hereby recommends that the Defendant's Request for Complete Records (DE # 108) be DENIED. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Enter for May 18, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge